**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CARPENTERS UNION, LOCAL 180, Respondent.**

No. 22296.

United States Court of Appeals, Ninth Circuit.

Oct. 22, 1970.

Arnold L. Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallett-Prevost, Asst. Gen. Counsel, Paul J. Spielberg and Avrum M. Goldberg, Attys., N.L.R.B., Washington, D. C., Roy O. Hoffman, Director, N.L.R.B., San Francisco, Cal., for petitioner.

Victor J. Van Bourg, of Levy and Van Bourg, San Francisco, Cal., for respondent.

Before BARNES, HAMLEY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

This case is before us upon petition of the National Labor Relations Board to enforce its Supplemental Decision and Order directing respondent Carpenters Union, Local 180, to pay $1,540 to Paul Allen. The award grows out of a back-pay specification and hearing following the entry of a consent decree in this court directing respondent to make Paul Allen whole for wages lost as a result of the union's unfair labor practice. The Board's supplemental decision is reported at 175 N.L.R.B. No. 150.

The consent decree established that, on August 31, 1965, respondent wrongfully dispatched one Arthur Cook to a construction project in place of Paul

Allen. At the backpay hearing, the General Counsel produced evidence showing that Cook became the senior millwright on the project, and that there was at least one millwright on the project until June 3, 1966. The evidence also indicated that Cook worked on the project through October 8, 1965. No evidence was introduced, however, to show why Cook left work or to show that the contractor did not follow a seniority system in determining layoffs.[1]

The Board held that Paul Allen was entitled to an award based upon the pay he would have received from August 31, 1965, to June 3, 1966, the date the last millwright left the project. The union contends that the award should have been based solely upon the time Cook remained on the project.

■ The Board is vested with broad discretion in selecting a backpay formula appropriate to the circumstances of a particular case. N.L.R.B. v. Seven-Up Bottling Co., 344 U.S. 344, 346–348, 73 S.Ct. 287, 97 L.Ed. 377 (1953). Of necessity, the award in many instances may only be a close approximation. "In such circumstances the Board may use as close approximations as possible, and may adopt formulas reasonably designed to produce such approximations." N.L.R.B. v. Brown & Root, Inc., 311 F.2d 447, 452 (8th Cir. 1963).

■ Here the award, predicated upon the fact that Allen would have been the senior millwright on the project, was not unreasonable because, absent a showing that the contractor did not follow a seniority system in ordering layoffs, he would have been entitled to work until all millwrights were laid off. See Buncher v. N.L.R.B., 405 F.2d 787, 789–790 (3rd Cir. 1969). Having applied a reasonable formula, the burden was on the respondent union to come forward with evidence to mitigate that liability or to show that the employee

in question would have been laid off for economic reasons. See, e. g., Snow v. N.L.R.B., 308 F.2d 687, 695 (9th Cir. 1962); Buncher v. N.L.R.B., supra, 405 F.2d at 789; N.L.R.B. v. Brown & Root, Inc., supra, 311 F.2d at 454.

Here no such evidence was presented. The Board's order will be enforced.

---

1. The only witness called with a knowledge of the contractor's practices was the contractor's bookkeeper. When asked if she knew why Cook had left work, she stated that she did not know if he had been fired, quit, or was laid off.