NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

SUPERIOR ROOFING COMPANY, and
United Brotherhood of Carpenters and
Joiners of America, Local No. 751,
AFL-CIO, Respondents.

No. 23322.

United States Court of Appeals,
Ninth Circuit.

May 4, 1972.

Arnold Ordman, Peter G. Nash, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., John J. Cannon, H. M. Levy, Washington, D. C.; Roy O. Hoffman, Dir., Reg. 20, San Francisco, Cal., for petitioner.

Victor J. Van Bourg of Levy, DeRoy, Geffner & Van Bourg, San Francisco, Cal., for respondents.

Before DUNIWAY, TRASK and CHOY, Circuit Judges.

PER CURIAM:

The National Labor Relations Board petitions for enforcement of its Supplemental Decision and Order directing respondents to pay $5,470 plus interest as back pay to Orland Cooley. (186 N.L. R.B. No. 150.)

The Board held that Cooley was entitled to back pay from November 17, 1964 to December 22, 1966. Allowance was made for interim earnings and for a period when Cooley was injured and unable to work. At the time of his discharge he was Superior's second senior roofer. The Board held that from November 17, 1964 to March 17, 1965 an appropriate measure of the hours Cooley would have worked was the weekly hours

worked by the Company's second senior roofer. On March 17, the second senior roofer replaced the senior roofer, remaining in that position for the rest of the period in question. The Board computed the hours Cooley would have worked during this time on the basis of the senior roofer's weekly hours.

The back pay formula used by the Board was based on the concept that even though the Company did not hire or terminate employees on a seniority basis, in the absence of other objective criteria, the use of a seniority formula to compute the earnings of a "representative employee" gives a reasonable approximation of what Cooley would have made but for the discrimination.

Cooley was replaced by one D. O. Mott who was in turn replaced as second senior roofer after working only nineteen hours. Various other individuals held the position of second senior, and then senior, roofer. Respondents claim that Mott is the only employee who can be considered as a replacement for Cooley, and that he is entitled only to the hours Mott worked.

■■ The Board thought it "capricious" to assume that Cooley would have been replaced the same day Mott was, and so do we. The Board has wide discretion in selecting criteria for reconstructing what would have happened in a given case but for the discrimination. Phelps Dodge Corp. v. NLRB, 1941, 313 U.S. 177, 198–199, 61 S.Ct. 845, 85 L.Ed. 1271; NLRB v. Seven-up Bottling Co., 1953, 344 U.S. 344, 346–347, 73 S.Ct. 287, 97 L.Ed. 377. See NLRB v. Carpenters Union, 9 Cir., 1970, 433 F.2d 934, 935. Necessarily in many cases the award can be only a close approximation. Although the employer did not have a formal seniority system, a seniority formula has been seen as a "rationally permissible device" in fashioning a backpay remedy. Buncher v. NLRB, 3 Cir., 1968, 405 F.2d 787, 790.

■■ After the Board has applied a reasonable formula, the burden is on respondents to come forward with evidence mitigating liability or to show that Cooley would have been terminated for economic reasons. See NLRB v. Carpenters Union, *supra*; Buncher v. NLRB, *supra*. Here no such evidence was presented.

Other arguments of the respondents have been considered. The trial examiner found that they lack merit, and we agree.

The Board's order will be enforced.